Eastern District,
*April* 1831.

GALE
vs
QUICK'S BAIL

*GALE vs. QUICK'S BAIL.*

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

It cannot be considered *an incident in the cause,* after judgment is rendered against the defendant, to call in another party for the purpose of obtaining judgment against him. It is, on the contrary, the commencement of a new suit against the surety, growing out of the proceedings against the principal which have terminated in judgment and execution.

A trial by jury cannot be refused on the ground that the suit commenced by motion instead of petition.

The bail has a right to file an answer and have his case tried by a jury.

On a motion to enter up judgment against the defendant's bail, the latter filed an answer and prayed a trial by jury. The court *a quo* refused to receive the answer, and gave judgment for the plaintiff, from which the bail appealed.

*Conrad,* for appellant.

1. The proceedings against bail are to be tried summarily and without the intervention of a jury.—*C. P. art.* 235.

*Preston,* contra.

The bail was entitled to a jury. He might have wished to show non-age when the bond was signed, or that the original defendant was dead.—*Labarre* vs. *Fry*—*9th Martin's Rep.* 381.

*Porter, J.,* delivered the opinion of the court.

The plaintiff recovered judgment against the defendant, and issued a *fieri facias,* and *capias,* to enforce it. The sheriff returned *nulla bona* on the first; and, on the second, stated that the defendant could not be found; whereupon a motion was made, that judgment should be rendered against the appellant, as bail of defendant.

To the notice served of this intended motion, the appellant appeared, and offered an answer, in which he denied he was bail, and prayed for a trial by jury.

The court refused to admit the answer; upon which the appellant demanded a trial by the court. The judge refused a trial, and ordered judgment to be entered up in favour of the plaintiff. From that judgment this appeal is taken.

If this proceeding be correct, then it follows, it is sufficient for one party to allege, and the other shall be condemned. And it also follows, that the notice which the law requires to be given to the party against whom judgment is sought, would be a useless, and worse than useless, a burthensome ceremony. He would be required to attend, and forbidden to make any defence when he did attend.

The appellee contends the court did not err, because the Code of Practice provides, that if the bail does not present the body of the defendant, judgment shall be rendered against him, on motion, after ten days notice, on the production of the bail bond.—*Code of Practice*, 235.

And he further urges, that by the provisions of the same work, certain cases are to be tried summarily without the intervention of a jury ; and the present is one of those contemplated by these provisions, it being *an incident in the cause.*—*Code of Practice*, 755, 757.

It cannot be considered *an incident in the cause*, after judgment is rendered against the defendant, to call in another party, for the purpose of obtaining judgment against him. It is, on the contrary, the commencement of a new suit against the surety, growing out of the proceedings against the principal, which have terminated in judgment and execution. There is no other ground to justify us bringing this case within the provisions of the Code of Practice, in regard to summary trials, and refusing a jury, except the suit commencing by motion, instead of petition ; and this, in our opinion, is not sufficient. The law has not said so, and this mode of trial should not be extended by implication. The legislature *may*, under our constitution, refuse to parties the benefit of a trial by jury, in civil cases. But courts cannot presume they intend to do so, unless the directions are clear, or the necessity so cogent, that their intention is manifest ; for the utility of this mode of investigating facts is great, and the institution justly dear to the citizen. Previous to the

It cannot be considered *an incident in the cause* after judgment is rendered against the defendant, to call in another party for the purpose of obtaining judgment against him. It is on the contrary, the commencement of a new suit against the surety growing out of the proceedings against the principal which have terminat'd in judgment and execution.
A trial by jury cannot be refused on the ground that the suit commenced by motion instead of petition.

Eastern District
*April* 1831.

GALE
*vs.*
HIS CREDITORS.

The bail has a
right to file an an-
swer, and have his
case tried by a jury

Code of Practice, our law sanctioned proceedings against bail by motion. The case of *Labarre* vs. *Fry's bail,* arose under it, and presented the same questions with that now before us. We were of opinion there, that the bail had a right to file an answer, and have his case tried by a jury. The reasons which then influenced us, retain their full force on our minds. The defence of the bail may present questions of fact, difficult to decide ; the testimony may be conflicting—the weight due to it uncertain. He may allege the instrument was forged—he may deny he was the person who signed it—he may plead minority—he may shew payment—he may aver a surrender of the debtor, and allege an escape. Why, in such matters, he should not have a full defence, and the benefit of a jury trial, we cannot see; and consequently we cannot presume the legislature intented he should be deprived of them.—9, *Martin,* 381.

It is therefore ordered, adjudged, and decreed, that the judgment of the Parish Court be annulled, avoided and reversed ; and it is further ordered, adjudged and decreed, that this case be removed to the said court, with directions to the judge to permit the defendant to file the answer presented by him : and it is further ordered that the appellee do pay the costs of this appeal.